**PACIFIC BROADCASTING CORPORA-TION, Plaintiff-Appellant,**

v.

**Robert A. RIDDELL, Commissioner of Revenue and Taxation, Territory of Guam, Defendant-Appellee.**

No. 24529.

United States Court of Appeals, Ninth Circuit.

June 3, 1970.

---

Harry P. Warner (argued), Los Angeles, Cal., Crain & Benson, Agana, Guam, for plaintiff-appellant.

Frank G. Lujan, Atty. Gen., Thomas M. Wilkins, Asst. Atty. Gen. Territory of Guam, Agana, Guam, for defendant-appellee.

Before JERTBERG, BROWNING, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Appellant operates a radio station on the Island of Guam. It seeks a refund of taxes paid to Guam pursuant to a privilege tax upon service businesses within the territory, measured by a fixed percentage (2 percent) of gross receipts. (Gov't Code of Guam §§ 19540, 19541.03.) Because some of its receipts are earned in interstate commerce, appellant argues that the Commerce Clause of the Federal Constitution exempts it from the Guam tax. The district court granted summary judgment to appellee; we affirm.

Some of appellant's broadcasts reach islands outside the Guam territory, with beneficial effects on its advertising rates and revenues. The station receives revenues from both local and national advertisers, the former being interested only in local audiences and the latter in both local and out-of-territory audiences. Appellant's predecessor, the prior owner of the radio station, had made an agreement with Guam tax authorities to exempt from taxation a certain portion of advertising revenues received from national advertisers. The agreement was designed to eliminate from taxation all revenues attributable to the station's out-of-territory audiences. (*See* Gov't Code of Guam § 19501.03, authorizing apportionment for receipts "derived from or attributable to Guam.") Appellant followed that formula in paying the taxes now sought to be recovered.

We are not faced here with an unapportioned gross receipts tax upon an interstate radio station. (Fisher's Blend Station, Inc. v. State Tax Comm. (1936) 297 U.S. 650, 56 S.Ct. 608, 80 L.Ed. 956.) As was explained in Western Live Stock v. Bureau of Revenue (1938) 303 U.S. 250, 260–261, 58 S.Ct. 546, 82 L.Ed. 823, such a tax creates the risk of cumulative burdens on interstate commerce. Rather, we are controlled by McCaw v. Fase (9th Cir. 1954) 216 F.2d 700, cert. denied (1955) 348 U.S. 927, 75 S.Ct. 340, 99 L.Ed. 726, in which we upheld a gross receipts tax levied by the territory of Hawaii. In *McCaw* the radio station's broadcasts on its standard band did not reach outside the territory, but certain broadcasts were relayed via short-wave to out-of-territory audiences. Hawaii taxed a fixed percentage of the gross receipts from all standard band broadcasts—those reaching local audiences—while excluding revenues attributable to short-wave relays—those reaching out-of-territory audiences. Guam seeks to tax no more than Hawaii did, and the Commerce Clause does not prevent it from doing so. (*See* General Motors Corp. v. Washington (1964) 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430; Rail-

way Express Agency, Inc. v. Virginia (1959) 358 U.S. 434, 446, 79 S.Ct. 411, 3 L.Ed.2d 450 (Mr. Justice Brennan, concurring); Western Live Stock v. Bureau of Revenue, *supra*; *see also* Lee Enterprises, Inc. v. Iowa State Tax Comm. (Iowa 1968) 162 N.W.2d 730, 743–753; Note, "Gross Receipts Tax on Radio Stations" (1949) 1 Stan.L.Rev. 740.) Because there is no dispute as to facts material to these issues, the district court was correct in granting summary judgment.

Appellant challenges for the first time on appeal the fairness of the apportionment formula. One challenging such a formula has the burden of showing that it is unfair "in a constitutional sense." (General Motors Corp. v. Washington, *supra*.) But appellant did not raise the issue before the district court, or raise any facts in support of this theory. The formula is not unfair on its face. Even if a court were to take judicial notice of the population statistics, F.C.C. documents, and electronic theories urged upon us on appeal, the formula could not, without more, be found constitutionally infirm. Appellant has attempted to create for this court a lawsuit different from the one he presented to the district court. It is too late in this action.

The judgment is affirmed.